# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 06-1987

_____

Joseph Albert Taylor,

        Appellant,

    v.

Raymond Edelman, Caseworker, in his
official and individual capacity;
Cifarelli, Corporal, in his official and
individual capacity; John Does,
Unidentified Officers, in their official
and individual capacities; Unknown
Sulley, Sergeant, in his official and
individual capacity; Randy Crosby,
Case Manager, in his official and
individual capacity; Robert Madsen,
Unit Manager, in his official and
individual capacity; Jane Doe,
Unidentified Nurse, in her official
and individual capacity; Frank X.
Hopkins, N.S.P. Warden, in his
official and individual capacity;
John Doe, Unidentified Deputy
Director, in his official and individual
capacity; Harold W. Clarke, N.D.C.S.
Director, in his official and individual
capacity,

        Appellees.

Appeal from the United States
District Court for the
District of Nebraska.

[UNPUBLISHED]

Submitted: October 2, 2007
Filed:   October 5, 2007

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

PER CURIAM.

In this 42 U.S.C. § 1983 action, Nebraska inmate Joseph Taylor appeals the adverse judgment entered by the district court[1] after a three-day bench trial. Taylor had claimed that Nebraska prison officials used excessive force to remove him from his cell and transport him to a holding area while a night light in his cell was being replaced; that prison officials thereafter obstructed his access to medical treatment; and that supervisory prison officials sanctioned the excessive use of force by failing to investigate his grievances and take action against the offending parties. Having reviewed the district court's factual findings for clear error and its conclusions of law de novo, see Fed. R. Civ. P. 52(a); Estate of Davis v. Delo, 115 F.3d 1388, 1393-94 (8th Cir. 1997), we affirm.

In particular, the evidence supports the district court's findings that defendants used an appropriate amount of force in a good faith effort to maintain or restore discipline when Taylor refused to submit to handcuffing halfway through the process, and when he directed threatening remarks at one prison official and made some physical movement toward him after submitting to restraints; that Taylor failed to request medical treatment after the use-of-force incident; and that the supervisory defendants' responses to Taylor's untimely grievances did not show they sanctioned or were any way involved in an excessive use of force. See generally Hudson v.

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

McMillian, 503 U.S. 1, 6-7 (1992) (prisoner required to demonstrate officers used force maliciously and sadistically rather than in good-faith effort to maintain or restore discipline); Estelle v. Gamble, 429 U.S. 97, 104-06 (1976) (deliberate indifference to serious medical need); Tlamka v. Serrell, 244 F.3d 628, 635 (8th Cir. 2001) (supervisor liable only if he directly participates in constitutional violation or had notice that training procedures and supervision were inadequate and likely to result in constitutional violation); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (prison grievance procedure does not give rise to protected liberty interest; failure to process grievances, without more, is not actionable under § 1983).

We also conclude that Taylor has not established that the district court abused its discretion with regard to any evidentiary matters, see McPheeters v. Black & Veatch Corp., 427 F.3d 1095, 1101-02 (8th Cir. 2005) (standard of review), and that his remaining arguments on appeal either are not properly before us, see Fed. R. App. P. 3(c)(1)(B), are improperly raised for the first time on appeal, or are without merit.

The judgment is affirmed, and Taylor's motion for library access is denied.

_____